# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
DALE EDWARD HALEY, BAR NO. 571.

No. 69783

**FILED**

APR 2 2 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Dale Edward Haley. Under the agreement, Haley admitted to violations of RPC 1.4 (communication), RPC 1.5(a) (fees), RPC 1.15(a) (safekeeping property), RPC 8.1(b) (bar admission and disciplinary matters), and RPC 8.4(a) and (d) (misconduct).[1] The agreement provides for a 90-day suspension, a refund of payment to a certain client as ordered by the Fee Dispute Arbitration Award, and payment of $1,500 to the State Bar for costs. Under the agreement, Haley must also obtain two additional continuing legal education (CLE) credits related to client communication within one year of the entry of this order.

---

[1]Haley also admitted to a violation of RPC 1.5(c) (fees) arising from a separate client grievance. The panel ordered the State Bar to issue a letter of caution for this violation. *See* SCR 102(8). Under SCR 113(1), this court need not approve a tendered plea when the stated discipline does not include suspension or disbarment.

 
16 - 12700

Based on our review of the record, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). Considering the duties violated and the aggravating and mitigating circumstances, we conclude that the 90-day suspension and other conditions are sufficient to serve the purpose of attorney discipline. *See In re Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (setting forth factors to be considered); *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining purpose of attorney discipline). We hereby impose a 90-day suspension. Haley shall pay the State Bar $1,500 for costs within 90 days of entry of this order, *see* SCR 120(1), and comply with the client refund payment ordered by the Fee Dispute Arbitration Award. Haley shall also obtain two additional CLE credits related to client communication within one year of the entry of this order. He shall also comply with SCR 115. Bar counsel shall comply with SCR 121.1

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.          _____, J.
Hardesty                                          Douglas

_____, J.          _____, J.
Cherry                                            Saitta

_____, J.          _____, J.
Gibbons                                          Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Chair, Southern Nevada Disciplinary Board
Dale E. Haley
State Bar of Nevada/Las Vegas
Kait Flocchini, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Officer, United States Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A